IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET M. VILLENOUZE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-0099 |
| PRIMERICA LIFE INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This breach of contract and negligence action arises out of a Complaint brought by Margaret M. Villenouze ("Villenouze" or "Plaintiff"), against Primerica Life Insurance Company ("Primerica" or "Defendant"). Villenouze seeks to recover from Primerica the proceeds of the Primerica life insurance policy of her deceased former husband, Ivan J. Alexander ("Alexander"), on the grounds that she was the irrevocable beneficiary on Alexander's policy. Essentially, Villenouze argues that because she was Alexander's irrevocable beneficiary, Primerica breached Alexander's insurance contract and was negligent when Defendant approved Alexander's request to change his policy's beneficiary without receiving Plaintiff's prior approval of the change. Villenouze seeks to recover from Defendant compensatory damages including the policy proceeds of $150,000, the amount of the unpaid premium, interest, costs, attorney's fees, and other expenses. Pending before this Court is Defendant's Motion to Dismiss or in the alternative for Summary Judgment. (ECF No. 11). This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441. The parties' submissions have

been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 11) is GRANTED.

BACKGROUND

Plaintiff originally filed her Complaint in the Circuit Court for Baltimore City. Compl. at 1, ECF No. 2. Defendant removed pursuant to 28 U.S.C. § 1441.[1] This action is currently before the Court on Defendant's Motion to Dismiss or for Summary Judgment. (ECF No. 11). In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Villenouze and Alexander were married in Baltimore City on January 25, 1984. Compl. at 2, ECF No. 2. Thereafter, Plaintiff and Alexander purchased a home in Baltimore in May 1986. *Id.* Plaintiff claims that on or about October 30, 1988, she and Alexander jointly applied for term life insurance coverage with Primerica. *Id.* Villenouze alleges that Alexander applied for $150,000 in coverage, and designated Villenouze as his beneficiary. *Id.* at 3. Plaintiff states that she applied for $100,000 in coverage and likewise designated Alexander as her beneficiary. *Id.* According to Plaintiff, their applications were approved, and their Primerica life insurance policies were issued on November 20, 1988. *Id.* Villenouze claims that their Primerica life insurance policies replaced policies that Alexander and Villenouze held previously. *Id.* Their previous policies provided $50,000 of coverage. *Id.* Plaintiff states that Alexander had designated her as his beneficiary on his prior policy as well, and that Villenouze also had

---

[1] Plaintiff states that at all times relevant to her Complaint, Villenouze was a citizen of the State of Maryland, and Primerica was a State of Massachusetts corporation with its principal place of business in the State of Georgia. Compl. at 2. Primerica is qualified and licensed to do business in Maryland as an insurance company. *Id.* This is a civil action, and the amount in controversy exceeds $75,000. Notice of Removal at 1, ECF No. 1. Thus this Court has original jurisdiction under 28 U.S.C. § 1332, and Defendant properly removed this case from the Circuit Court for Baltimore City pursuant to 28 U.S.C. § 1441.

designated Alexander on her prior policy. *Id.* Villenouze and Alexander separated in December 1995 and divorced in July 1997. *Id.* After the divorce, Alexander continued to reside in the home he and Plaintiff purchased, and Plaintiff moved to Baltimore County. *Id.* According to Villenouze, after their divorce, she remained the beneficiary of Alexander's insurance policy, and Alexander remained the beneficiary of hers. *Id.*

Villenouze states that from December 2007 to February 2008, Alexander had several medical examinations and was diagnosed as having renal cancer. *Id.* at 4. Villenouze alleges that Alexander was hospitalized and treated for the cancer for several months before his death on October 4, 2008. *Id.* Plaintiff claims that Alexander had deteriorated physically; he could barely walk and could not write. *Id.* According to Villenouze, in September 2008, Anne Marie Flaherty ("Flaherty") contacted an agent of Primerica, claimed that she was Alexander's fiancé, and inquired into how Alexander could change the beneficiary of his insurance policy. *Id.* Thereafter, Primerica received a letter, dated September 18, 2008 and purportedly signed by Alexander, which requested the removal of Villenouze as his beneficiary, to be replaced with Flaherty. *Id.* Plaintiff claims that the letter stated "as we are divorced" as the reason for removing Villenouze as beneficiary. *Id.* Plaintiff claims that the "letter was a fraudulent document on which Alexander's signature had been forged." *Id.*

Plaintiff states that on or about September 30, 2008, Primerica sent a letter to Alexander, which confirmed that the change of beneficiary request had been approved. *Id.* Villenouze claims that after Alexander's death on or about October 4, 2008, Flaherty notified Primerica of Alexander's death. *Id.* at 4-5. Primerica allegedly sent claim forms to Flaherty, which she completed and returned on or about October 15, 2008. *Id.* at 5. According to Plaintiff, Primerica

3

sent a check for the policy proceeds, totaling $150,000, and unearned premium, to Flaherty on or about October 21, 2008. *Id.*

Plaintiff originally filed her Complaint in the Circuit Court for Baltimore City. Count One of her Complaint alleged breach of contract, and Count Two alleged undue influence. Defendant removed pursuant to 28 U.S.C. § 1441. Notice of Removal at 1, ECF No. 1. Thereafter, Defendant filed a Motion to Dismiss or for Summary Judgment. (ECF No. 11). In her response to Defendant's Motion, Plaintiff acknowledged that she incorrectly labeled Count Two as an "undue influence" claim; Plaintiff stated that it was in fact a negligence claim. Pl.'s Opp'n at 1, ECF No. 14. Consequently, Defendant's Reply in Further Support of Its Motion to Dismiss or for Summary Judgment addresses Count Two as a negligence claim. Def.'s Reply at 2, ECF No. 15. Therefore, this Court will construe Plaintiff's Complaint as setting forth two causes of action—breach of contract and negligence.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d

472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

ANALYSIS

**I.      Count One: Breach of Contract**

　A.  Elements of a Breach of Insurance Contract Claim

In the context of a breach of life insurance contract claim, this Court has previously set forth the elements that a plaintiff must establish:

> To state a cause of action for breach of a life insurance contract, a petition must allege: (1) the existence and terms of the policy; (2) the right or interest entitling the plaintiff to sue; (3) performance or waiver of conditions precedent; (4) death of the insured; (5) the amount of the insurance; and (6) the fact that payment is due, but has not been made.

*Milbourne v. Conseco Services, LLC*, 181 F. Supp. 2d 466, 469 (D. Md. 2002) (emphasis removed). Moreover, the burden is on the plaintiff to prove each of these elements. *Id.* (citing *Choice Hotels, Inc. v. Madison Three, Inc.*, 83 F. Supp. 2d 602, 603 (D. Md. 2000)).

　B.  Analysis

Plaintiff states that on or about October 30, 1988, Alexander and Villenouze jointly applied for term life insurance coverage with Primerica. Compl. at 2. Villenouze alleges that their applications were approved and the new life insurance policies were issued on November 20, 1988. *Id.* at 3. Although the existence of Alexander's life insurance policy with Villenouze is uncontested, the Defendant denies the Plaintiff's claim that she is the irrevocable beneficiary of Alexander's life insurance policy. Plaintiff claims that Alexander and her respective beneficiary designations were irrevocable and could not be changed without their respective

consents,[2] but she does not provide any of the specific terms in Alexander's life insurance contract to support her claim. Compl. at 5. Villenouze also does not allege facts supporting her conclusion that Alexander and she were irrevocable beneficiaries "in light of the circumstances under which the policies and coverages had been obtained." *Id.* at 8. Nor does Plaintiff provide any supporting documentation, such as a copy of Alexander's life insurance policy. In short, Villenouze cannot point to any language in the contract that would entitle her to irrevocable beneficiary status, and her mere conclusory statement that she is an irrevocable beneficiary is insufficient to establish the first element of her breach of contract claim against Primerica.

Consequently, Villenouze also fails to establish the second element of a breach of insurance contract claim. Because Plaintiff does not establish that she is the irrevocable beneficiary on Alexander's life insurance policy, her rights and interests as merely the alleged original beneficiary do not entitle her to sue Primerica. The Court of Appeals of Maryland has uniformly held that:

> [W]here the right by the insured to change the beneficiary named in a life insurance policy is reserved, the beneficiary has no vested or indefeasible interest under the policy during the lifetime of the insured, but only a revocable expectancy contingent upon being the beneficiary at the time of the insured's death, and that notice to, or the consent of, the beneficiary is unnecessary in order to effectuate a valid change of beneficiary. *Chapman v. Prudential Ins. Co.,* 215 Md. 87, 136 A. 2d 752 (1957). A beneficiary named in a life insurance policy has no such interest therein as entitles her to control a change in beneficiaries, or other dealings with the policy, during the lifetime of the owner of the policy. *Bullen v. Safe Dep. & Tr. Co.,* 177 Md. 271, 9 A. 2d 581 (1939).

*Durst v. Durst*, 232 Md. 311, 315, 193 A.2d 26, 28 (1963); *see also* 13 MARYLAND LAW ENCYCLOPEDIA, INSURANCE § 207 (2011) ("Where the policy reserves the right to make the change, it may be made at the insured's instance without the consent of the original beneficiary

---

[2] Plaintiff actually states that the designations "could be changed without their respective consents," but this Court will assume that the Plaintiff intended to state that the designations could *not* be changed without their respective consents. Compl. at 5.

or notice to him or her."). Therefore, Plaintiff's alleged status as the original beneficiary of Alexander's life insurance policy with Primerica did not grant her a vested or indefeasible interest under the policy. For that reason, Primerica did not have to provide notice to, or obtain the consent of Villenouze before changing the beneficiary of Alexander's life insurance policy. Hence, because Plaintiff's Complaint does not allege the necessary prima facie elements of a breach of insurance contract claim, and sets forth no facts that would entitle her to relief, Plaintiff's breach of contract claim is DISMISSED.[3]

## II. Count Two: Negligence

### A. Elements of a Negligence Claim

To establish negligence under Maryland law, the plaintiff must prove: "(1) a duty or obligation under which the defendant is to protect the plaintiff from injury; (2) breach of that duty; and (3) actual loss or injury to the plaintiff proximately resulting from the breach." *Goldhammer v. Hayes*, No. CCB-08-3405, 2009 WL 1609044, at *4 (D. Md. June 8, 2009) (quoting *Bobo v. State*, 346 Md. 706, 709, 697 A.2d 1371 (1997)).

Although Maryland courts have not ruled on this issue, the Fourth Circuit has recognized what other courts have consistently held: "The only duty that the law imposes on an insurance company to protect its insured is that the company take reasonable steps to determine whether the insured has consented to the policy or the change of beneficiary." *See Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 936 (4th Cir. 1991) (citing *Bacon v. Federal Kemper Life Assurance Co.*, 400 Mass. 850, 855, 512 N.E.2d 941, 944 (Mass. 1987)). Insurance companies have been found liable for harm to thier insured where the company "had actual knowledge that

---

[3] It should be noted that because Plaintiff cannot meet the first two elements of a *prima facie* breach of life insurance contract claim, she necessarily cannot, under any circumstances, prove the sixth element—that payment is *due*, but has not been made. Because Plaintiff has pled no facts to support her allegation that she was an irrevocable beneficiary under Alexander's policy, any contention that payment is *due* her is illusory.

8

the insured had not consented to the policy, or should have known that the person who procured the policy did not have an insurable interest in the life of the insured." *Bacon*, 512 N.E.2d at 944. Moreover, "[t]he insurer is not under any duty to investigate the mental competency of the insured to change the beneficiary unless it knows of circumstances reasonably suggesting the probability of his or her mental incompetency." *Wilson v. Hartford Ins. Co.*, No. 08-4114, 2009 WL 3111884, at *4 (E.D. Ark. Sept. 24, 2009) (quoting 4 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 60:77 at 60-141 to 60-142 (1997)); *See also Demerath v. Knights of Columbus*, 268 Neb. 132, 136, 680 N.W.2d 200, 204 (Neb. 2004) ("[I]nsurer is not required to investigate to determine whether a change of beneficiary had been procured by undue influence in the absence of knowledge of facts which would indicate that the change might have been so procured.").

B. Analysis

Villenouze does not state clearly that her claim satisfies the necessary elements of a negligence claim.[4] Regarding the first element of negligence, Villenouze appears to base Primerica's duty to her either on Primerica's duty to Alexander, or its duty to her as the alleged irrevocable beneficiary of Alexander's policy. Regarding the former, Villenouze may not rely on Primerica's duty to Alexander to satisfy this element. In addition, the latter alternative fails because Villenouze has failed to plead any plausible facts tending to support her conclusion that she was the irrevocable beneficiary of Alexander's life insurance policy.

Even assuming *arguendo* that Primerica owed Villenouze a duty as a result of her status as the original beneficiary on the policy, Plaintiff has failed to establish the second element of

---

[4] Plaintiff acknowledged that her Complaint improperly labeled her negligence claim as an undue influence claim, and that she would file for leave to amend her Complaint. Pl.'s Opp'n at 1. However, Plaintiff has not yet moved for leave to file an amended complaint. Nevertheless, as discussed *infra*, Plaintiff has alleged no plausible facts to support her allegation that, even if a duty existed, Primerica breached its duty in changing her beneficiary status under Alexander's life insurance policy.

9

negligence—that Primerica breached its duty or obligation to protect her from injury. Plaintiff has not stated facts in her Complaint which support her allegation that Primerica had actual knowledge or should have known that Alexander had not consented to the change of beneficiary. While Villenouze claims that Alexander suffered from cancer and had deteriorated physically, *see* Compl. at 4, nowhere does she claim that Primerica had any knowledge of Alexander's medical status. Villenouze alleges that the insured's purported fiancé, not the insured, contacted a Primerica agent to inquire about the process of changing a beneficiary on Alexander's insurance policy. Compl. at 4. However, this bare allegation, without more, cannot suffice to put Primerica on notice that Alexander's change of beneficiary letter might have been fraudulent or procured by undue influence, or that Alexander was mentally incompetent.

Plaintiff also claims that the beneficiary change request letter was "probably forged," Compl. at 8, and that Primerica should have commenced an investigation prior to changing the beneficiary. Compl. at 8. As the *Bacon* court recognized, an insurance company is not obligated to hire an expert to analyze whether a signature was forged before the company may approve a change of beneficiary request. 512 N.E. 2d at 944. Even more fundamentally, however, Plaintiff completely fails to allege facts supporting her contention that Primerica knew or should have known of any facts that would trigger such a duty. Primerica received a written change of beneficiary request that was purportedly signed by the insured—with no information tending to show that the letter was fraudulent, Primerica honored the request and changed the beneficiary from Villenouze, who had been divorced from the insured for thirteen years, to the insured's fiancé.

Because Plaintiff has not established that Primerica had a duty to the Plaintiff and that Primerica knew or should have known of circumstances reasonably suggesting that Alexander

had not consented to the policy change, Primerica did not have any duty to investigate before changing the beneficiary. Accordingly, Primerica acted reasonably when it approved the request it received from Alexander. For these reasons, Plaintiff's Complaint does not allege the necessary elements of a negligence claim, and therefore Plaintiff's negligence claims are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 11) is GRANTED, and this case is dismissed without prejudice.

A separate Order follows.

Dated: September 26, 2011    /s/_____
                             Richard D. Bennett
                             United States District Judge